J-S56015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHANIE LYNN ECK, | |
| Appellant | No. 1990 MDA 2015 |

Appeal from the Judgment of Sentence Entered October 5, 2015
In the Court of Common Pleas of Clinton County
Criminal Division at No(s):
CP-18-CR-0000097-2015
CP-18-CR-0000508-2014

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 16, 2016**

Appellant, Stephanie Lynn Eck, appeals from the judgment of sentence of an aggregate term of 24 to 168 months' incarceration, imposed after she pled guilty in two separate cases to two counts of retail theft, graded as third-degree felonies.[1]  On appeal, Appellant raises one issue challenging the discretionary aspects of her sentence.  We affirm.

The facts underlying Appellant's convictions are not pertinent to the present appeal.  In regard to the procedural history of this case, we note

---

[*] Former Justice specially assigned to the Superior Court.

[1] Under 18 Pa.C.S. § 3929(b)(1)(iv), retail theft constitutes a third-degree felony "when the offense is a third or subsequent offense, regardless of the value of the merchandise."

that Appellant entered open guilty pleas to the above-stated charges on March 26, 2015. A pre-sentence investigation report (PSI) was ordered by the trial court, and sentencing was scheduled for June 15, 2015. However, on that date, Appellant failed to appear and a bench warrant was issued for her arrest.

Appellant was apprehended approximately three months later, and her sentencing hearing was conducted on October 5, 2015. At the close of that proceeding, the court sentenced Appellant to consecutive terms of 12 to 84 months' incarceration for each of her retail theft convictions. Thus, her aggregate sentence is 24 to 168 months' incarceration. The court also directed that Appellant be eligible for the Recidivism Risk Reduction Incentive (RRRI) Act, 61 Pa.C.S. §§ 4501-4512, after serving a minimum of 9 months' incarceration.

Appellant filed a timely post-sentence motion for reconsideration of her sentence. After conducting a hearing on that motion, the court subsequently denied it on October 27, 2015. Appellant filed a timely notice of appeal, and also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, she presents one issue for our review:

> 1. Did the [t]rial [c]ourt commit error in sentencing Appellant in the Aggravated Range despite the fact that [Appellant's] crimes were *de minimis*, [Appellant] had tremendous remorse, and the [c]ourt's rationale for said aggravated range sentences had nothing to do with the underlying facts of the instant case?

Appellant's Brief at 4.

- 2 -

Appellant's issue challenges the discretionary aspects of her sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

> ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912–13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant has met the first two prongs of the test for obtaining review of her discretionary-aspects-of-sentencing claim. In regard to the

- 3 -

third and fourth prongs, Appellant has presented a Rule 2119(f) statement in her brief. Therein, she asserts, in pertinent part, that,

> [t]he [t]rial [c]ourt's sentence, favoring consecutive rather than concurrent terms, was unreasonable as follows: [Appellant's] crimes were non-violent and *de minimis*; she owes restitution, which cannot be easily paid from prison; and Appellant is an addict in need of treatment, not incarceration.
>
> Therefore, there are substantial questions as to the appropriateness of the sentence imposed. Pursuant to Pa.R.A.P. 2119(f), Appellant would respectfully request that this Honorable Court concur in the conclusion that there are substantial questions as to the appropriateness of the sentence.

Appellant's Brief at 8.

We initially note our displeasure with Appellant's failure to cite any legal authority supporting her assertion that her discretionary-aspects-of-sentencing claim amounts to a substantial question for our review. Nevertheless, we will deem Appellant's Rule 2119(f) statement as presenting a "plausible argument" that her aggravated-range sentence of 24 to 168 months' incarceration "is clearly unreasonable," where that sentence was imposed for non-violent, retail-theft offenses. ***Commonwealth v. Dodge***, 77 A.3d 1263, 1271 (Pa. Super. 2013). Accordingly, we will review the merits of Appellant's sentencing claim. In doing so, we bear in mind that,

> [t]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. ... [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a

- 4 -

different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Moury*, 992 A.2d at 169-70 (citation omitted).

Here, Appellant's argument challenging her sentence consists of the following paragraph:

> Appellant understands the very difficult burden that she faces here. However, it is readily apparent from the nature of the charges that they [were] not violent. It is further obvious that the charges involved in the instant matters are *de minimis*, as one case was for [theft of items worth] a value of $3.91 and the other for [items worth] $1.99. At sentencing, it was undisputed that Appellant would owe restitution and that she was a substance abuser. It bears noting that the Commonwealth believed that consecutive probationary sentences might be an appropriate disposition.[2] With due respect to the [t]rial [c]ourt, the sentences imposed herein result only in a delay in the payment of restitution with no noticeable gain to the Commonwealth or the community at large, as [] Appellant is a non-violent offender. The [c]ourt focused on

---

[2] In support of this comment regarding the Commonwealth's purported sentencing recommendation, Appellant cites to pages 14 to 15 of the sentencing hearing transcript. That portion of the transcript contains the court's statement of its reasons for imposing Appellant's sentence; nothing in those pages of the record suggests that the Commonwealth supported a probationary sentence in this case. Moreover, our review of the sentencing hearing transcript reveals that the Commonwealth "request[ed] the [c]ourt … consider [a] potential sentence in the [aggravated] range of 12 to 60 months on each case to be served consecutive." N.T. Sentencing, 10/5/15, at 3. Consequently, Appellant's statement that the Commonwealth supported a probationary term is not supported by the record.

- 5 -

the punitive aspects of sentencing due to the [c]ourt's frustration that [] Appellant did not appear for sentencing at the date and time that it was initially scheduled.

Appellant's Brief at 9.

Our review of the record convinces us that Appellant's challenge to her sentence is meritless, and that the court did not abuse its discretion in imposing aggravated-range, consecutive terms of incarceration. Notably, at the sentencing hearing, the court acknowledged the sentencing guideline ranges applicable to Appellant's offenses. N.T. Sentencing at 13. It also stated that it "listened to the comments of the [Commonwealth], the comments of [defense counsel], and the comments of [Appellant]." *Id.* The court also stated that it reviewed and "considered all of the information that was set forth in the [PSI]" and it had "also reviewed a previous [PSI] that was completed on May 7 of 2012." *Id.* at 13-14. The court then provided the following reasons for imposing Appellant's sentence:

> As noted, [Appellant] is 33 years of age, she's single, she is the mother of three children. Although she attained her GED in 2010, she is and has remained unemployed for some period of time. Her criminal history includes a misdemeanor retail theft conviction in 2005, two misdemeanor 1 forgery convictions in 2006, a misdemeanor theft by deception conviction in 2008, various motor vehicle code summary offenses, [and] two misdemeanor retail theft convictions in 2011. And she is now before the [c]ourt on the felony 3 retail theft charges.
>
> [Appellant] has been on probation, she's been revoked from probation on numerous occasions, she's served time in the correctional facilities, all to no avail. It's extremely clear to this [c]ourt that [Appellant] is not amenable to county supervision and that county supervision is not a sentencing option at this time. She's also been incarcerated at the State level. She last

appeared in the State system in 2009. [Appellant] is eligible for RRRI if sentenced to a State Correctional Institution.

The [PSI] confirms that [Appellant] is a drug user. I think the term used in the report was that she is an avid drug user. Her counsel disputes that, however, [counsel] does acknowledge that [Appellant] has a severe problem with Suboxone.

It does not appear to the [c]ourt that [Appellant] ever took responsibility for her actions, and [she] placed herself at a higher level priority than her three children.

[Appellant] was to be sentenced on June 15 after the [c]ourt had granted her a continuance to care for her children's dental needs. As thanks, [Appellant] failed to appear. The [c]ourt believes she changed her physical appearance and was just recently apprehended on a Bench Warrant.

Quite frankly, [Appellant] just doesn't get it. She continues to steal. It's clear that any sentence of probation or partial confinement will put [her] back in a position where she will continue to commit crimes. The time that [Appellant] has spent in custody did not aid her in her rehabilitation. [Appellant] is not capable of being a law abiding citizen, and a lengthy period of incarceration is the only solution to assist her in her rehabilitation.

*Id.* at 14-15.

The court clearly stated various factors that it weighed in deciding to fashion Appellant's sentence. Pertinent to Appellant's argument on appeal, nothing in the court's rationale evinced that the court focused *only* on her failure to appear at the prior sentencing hearing. Additionally, it is obvious that the court took into account the nature of Appellant's current offenses, and her drug-addiction issues. However, based on Appellant's continued criminal behavior and probation violations, the court ultimately concluded that she is not amenable to rehabilitation. In sum, the court stated ample, and reasonable, grounds for imposing aggravated range, consecutive

sentences for each of Appellant's retail-theft offenses. Accordingly, we ascertain no abuse of the court's sentencing discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2016